IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE J. McDONALD, # B-42547,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12-cv-1183-JPG-PMF |
| | ) |
| **TIM VEATH, M. ATCHINSON,** | ) |
| **S.A. GODINEZ, and DR. SHEPARD,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's "Rule 59(e) or Rule 60(b) Motion to Respond to Judge Memorandum and Order" (Doc. 13), which has been docketed as a Motion for Reconsideration and Motion for Counsel. The motion was filed with this Court on December 10, 2012. It is directed toward this Court's December 3, 2012, order (Doc. 7) which referred Plaintiff's medical deliberate indifference claims to U.S. Magistrate Judge Frazier for further consideration, severed the fondling claim against Defendant Maue into a separate action (now docketed as *McDonald v. Maue*, Case No. 12-cv-1257-JPG), and dismissed several other claims and Defendants.

Plaintiff's motion invokes both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Because the motion was filed within 28 days of the order he challenges, either Rule may be applied. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ( "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it").

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if

a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's motion chiefly takes issue with this Court's determination that he failed to state a claim against Defendant Maue for deliberate indifference to Plaintiff's serious medical needs, and with the severance of the sexual fondling claim against Defendant Maue into a separate action. He argues that Defendant Maue should remain in the original case because "no defendant can act without Defendant C/O Maue" (Doc. 13, pp. 2, 4-5). This allegation was not included in the original complaint, and it does not qualify as "newly discovered evidence" that

might be introduced via a Rule 59(e) motion. Not only does the Court find this claim highly dubious, even if it were true that Defendant Maue has authority to control the other Defendants, there is no supervisory liability in a § 1983 action. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff further protests that under a "proximate cause" theory, Defendant Maue cannot be severed from this case (Doc. 13, p. 3). However, as explained in this Court's previous order, the relevant consideration is whether a defendant is personally, directly responsible for a violation of an inmate's constitutional rights. Plaintiff's complaint did not establish that Defendant Maue had any direct involvement in the incident of October 30, 2012, when Plaintiff was ordered to climb stairs. And on October 26, when Plaintiff and Defendant Maue had the confrontation in Plaintiff's cell, a wheelchair was brought by another guard and Plaintiff was not required to engage in any activity that would place him at risk.

Plaintiff's motion includes additional facts regarding incidents when he was required to walk in excess of his medical orders on November 26, 27, and December 6, 2012. Each of these incidents occurred after this case was filed. This information may be relevant to a determination on Plaintiff's pending request for injunctive relief, but must ultimately be incorporated into a properly filed amended complaint if they are to be considered in this action. *See* FED. R. CIV. P. 15(a); SDIL Local Rule 15.1. However, nothing in the motion supports a claim that Defendant Maue denied Plaintiff medical attention on October 26, 2012, or on any other occasion, or that he caused Plaintiff any bodily harm in connection with his post-surgical medical condition.

To summarize, Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an altered or amended order under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b). Upon review of the record, the Court remains persuaded that its ruling dismissing the deliberate indifference claim

against Defendant Maue and severing the fondling claim against him into a separate case was correct. Therefore, the Motion for Reconsideration (Doc. 13) is **DENIED**. A separate order shall issue in *McDonald v. Maue*, Case No. 12-cv-1257-JPG, regarding payment of the filing fee in that action.

**Motion for Appointment of Counsel**

Plaintiff's request for counsel appears in the caption of his motion. He does not mention this request further in the body of the motion, and he does not indicate what efforts he may have made to secure counsel before filing the motion. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice. The motion may be renewed at a later stage in the litigation.

**IT IS SO ORDERED.**

**DATED:** January 15, 2013

s/ J. Phil Gilbert
**U.S. District Judge**