IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE J. MCDONALD,

    Plaintiff,

vs.

LUCAS T. MAUE, *et al.*,

    Defendants.

Case No. 12-cv-1183-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 30) of Magistrate Judge Philip M. Frazier recommending that the Court deny McDonald's request for injunctive relief.  For the following reasons, the Court adopts the R & R and denies McDonald's request for injunctive relief.

1. **R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  McDonald filed an objection to the R & R.  Accordingly the Court will review the record *de novo*.

2. **Facts**

McDonald is currently incarcerated at Menard Correctional Center. In his complaint, he alleges certain defendants were deliberately indifferent to his medical needs and seeks injunctive relief. Specifically, McDonald underwent surgery at Memorial Hospital of Carbondale on October 9, 2012, during which an "angio-seal" was implanted on his femoral artery. According to McDonald, the surgeon restricted McDonald from engaging in strenuous activity for 90 days after the surgery.[1] These restrictions prohibit McDonald from walking long distances or climbing stairs. They also instruct him to use a wheelchair. The purpose of these restrictions is to prevent the angio-seal from dislodging, which could result in fatal bleeding. In support of his request for injunctive relief, McDonald states that certain defendants failed to abide by the 90-day instructions and continue to put his health at risk. McDonald seeks injunctive relief requiring the prison to abide by the 90-day restrictions.

3. **Injunctive Relief Standard**

When deciding a motion for a temporary restraining order, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001). Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the

---

[1] The Court notes that McDonald is unable to produce and Menard Correctional Center is unable to locate a copy of the 90-day restrictions. As Judge Frazier noted in the R & R, there is a dispute over whether these instructions actually exist. Judge Frazier directed defendants' counsel to obtain McDonald's Memorial Hospital of Carbondale medical records, but as of today's date, those records are not in the Court's file. Those records, however, are not necessary for the purposes of this order because the Court can resolve McDonald's request for injunctive relief without them.

injunction is not granted. *Ferrell v. United States Dep't of Hous. and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. *Id*. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*.

"A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). With respect to prison conditions

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). The Court will now turn to consider whether McDonald has carried his burden in establishing the elements necessary for injunctive relief.

   4. **Analysis**

The Court finds that McDonald's request for injunctive relief fails because he does not establish that he will suffer irreparable harm absent injunctive relief. To make a showing of irreparable harm there must be a likelihood, not just a possibility, of irreparable harm. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). McDonald's surgery occurred on October 9, 2012, and the 90-day restrictive time period expired prior to the entry of this order. McDonald has not presented to this Court any evidence or even made the suggestion that these restrictions

3

are necessary beyond 90 days.  Accordingly, as of the date of this order, McDonald has failed to carry his burden in establishing that there is a likelihood of irreparable harm.

5. **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 30) and **DENIES** McDonald's request for injunctive relief contained in his complaint (Doc. 1).

**IT IS SO ORDERED.**

**DATED:** January 31, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
