**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAURICE J MCDONALD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  3:12-cv-01183-JPG-PMF** |
| | ) | |
| **LUCAS T MAUE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

This case comes before the Court for docket control.  McDonald is presently incarcerated at Menard Correctional Center ("Menard"), a prison under the authority of the Illinois Department of Corrections ("IDOC").

McDonald alleges that on October 9, 2012, McDonald underwent a surgical angioplasty procedure at Memorial Hospital of Carbondale ("MHC"), in which surgeons implanted an angio-seal in his femoral artery.  He further alleges that MHC surgeons issued a set of restrictions on his movement following the procedure.  According to McDonald, the restrictions were to be followed from the date of the angioplasty and last for a period of 90 days.  He states that the 90-day restrictions included "no walking for long distances and no climbing stairs, and was to have the use of a wheelchair (Doc. 1, pp. 11, 16, 29)." Doc. 7 at 2.  McDonald alleges the restrictions were necessary because he could suffer fatal bleeding if the angio-seal were to become dislodged.  McDonald complains that, despite the 90-day restrictions, Menard prison officials

1

continually force him to violate the restrictions, placing him imminent danger of physical harm or death.

This civil rights lawsuit was filed on November 16, 2012. *See* Doc. 1.  McDonald is a "three-striker." *See* Doc. 7.  Because he has filed three or more frivolous, malicious, or failed cases, he is technically prohibited from filing lawsuits in federal court. *See* 28 U.S.C.A. § 1915(g).  However, the Court permitted him to proceed with this lawsuit under an exception to the rule (*see id.*) because the allegations, accepted as true, indicated that he may have been "under imminent danger of serious physical injury." *See* Doc. 7.

On January 3, 2013, this Court held an expedited hearing on McDonald's request for injunctive relief contained in his complaint. *See* Doc. 27.  McDonald testified at the hearing and continued to claim that MHC issues a set of 90-day restrictions on his movement.  However, he could not produce a copy of the restrictions.   Ultimately, McDonald's request for injunctive relief was denied because he could not demonstrate a likelihood of irreparable harm. *See* Doc. 38 at 3-4 ("McDonald has not presented to this Court any evidence or even made the suggestion that these restrictions are necessary beyond 90 days.")

At the conclusion of the January 3 evidentiary hearing, Counsel for Defendants was directed to obtain McDonald's October 9, 2012 post-operation directives from MHC as soon as practicable. *See* Doc. 27.  Defendant was then directed inform the Court if they were able to obtain any additional information pertaining to the 90-day restrictions discussed by McDonald in his testimony. *See id*.  On February 1, 2013, Defendant submitted the requested records from MHC to the Court and filed a notice on the record. *See* Doc. 39.  The notice indicated that a complete copy of McDonald's records from MHC was obtained. *Id*.  These records do not

indicate that there were restrictions on McDonald's movement for a period of 90 days.  Rather, the records indicate that there were much smaller restrictions placed on McDonald's movement from a period beginning on October 9, 2012 and ending on October 14, 2012. *See id.* Accordingly, McDonald would have known when he filed his (Doc. 1) complaint on November 16, 2012, that the allegations regarding a set of 90-day restrictions on his movement were false. McDonald would have also known that his January 3, 2013, testimony under oath was false.

To this date, McDonald has not come forward with any information regarding any restrictions placed on his movement beyond a period of five days after his operation on October 9, 2012.  The Court gave McDonald an opportunity to respond to the subject of this Report and Recommendation when the undersigned issued an order to show cause demanding that McDonald show cause as to why this case should not be dismissed. *See* Doc. 45.  That order explicitly stated:

> If the information provided by McDonald in his complaint and at the evidentiary hearing was found to be false, this lawsuit was filed under false pretenses that led the Court to find that McDonald was "under imminent danger of serious physical injury." *See* Doc. 7.  This case would also be frivolous or malicious and dismissal would be warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

*Id.*  McDonald refused to provide a response to the order to show cause in the timeframe provided.  The undersigned must conclude that he does not dispute that he intentionally falsified certain allegations in his complaint in order to avoid paying the full filing fee in this case.  The undersigned must also conclude that McDonald provided false testimony in the January 3, 2013 evidentiary hearing.

## <u>RECOMMENDATION</u>

It appearing that McDonald intentionally falsified a portion of the allegations that led the Court to conclude that McDonald was "under imminent danger of serious physical injury" (*see* Doc. 7), it is recommended that this case be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e).  It is further recommended that McDonald's *in forma pauperis* status be revoked and that he be ordered to pay the full filing fee for filing this case.  If this recommendation is adopted in its entirety, this case can be closed.  It is further recommended that, if this recommendation is adopted in its entirety, the dismissal of this action will count as an additional "strike" under the provisions of 28 U.S.C. § 1915(g).

**SO RECOMMENDED.**

**DATED:  March 1, 2013.**

<u>*s/ Philip M. Frazier*</u>
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE