IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. MCDONALD, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-1183-JPG-PMF |
| LUCAS T. MAUE, *et al.*, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 30) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss this case as frivolous and malicious pursuant to 28 U.S.C. § 1915(e), revoke McDonald's *in forma pauperis* status, and impose a "strike" on McDonald pursuant to 28 U.S.C. § 1915(g). McDonald filed an objection (Doc. 53) to the R & R. For the following reasons, the Court adopts the R & R.

1. **R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because McDonald filed an objection to the R & R, the Court will review the record *de novo*.

**2. Facts**

McDonald is currently incarcerated at Menard Correctional Center. Because he has three strikes, he was only allowed to proceed *in forma pauperis* in the instant complaint because he alleged imminent danger. Specifically, he alleged certain defendants were deliberately indifferent to his medical needs. McDonald underwent surgery at Memorial Hospital of Carbondale ("MHC") on October 9, 2012, during which an "angio-seal" was implanted on his femoral artery. According to McDonald, the surgeon restricted McDonald from engaging in strenuous activity for 90 days after the surgery to prevent the angio-seal from dislodging, which could result in fatal bleeding. McDonald stated that certain defendants failed to abide by the 90-day restrictions and put his health at risk.

At the hearing on McDonald's request for injunctive relief held on January 3, 2013,[1] McDonald continued to maintain that MHC issued the referenced 90-day instructions containing restrictions on his movement. McDonald, however, was and still is unable to produce a copy of the 90-day instructions and defendants claim they never received any 90-day instructions. At the end of the January 3, 2013, hearing, Judge Frazier directed defendants to obtain McDonald's post-operation instructions from MHC.

On February 1, 2013, Defendants notified the Court they had obtained a complete copy of McDonald's medical records from MHC and forwarded the records to Judge Frazier for an *in camera* review (Doc. 39). The only restrictions contained in McDonald's MHC medical file included restrictions placed on his movement from October 9, 2012, to October 14, 2012. Absent from the records were any instructions limiting McDonald's activity for a period of ninety days. As such, Judge Frazier ordered McDonald to show cause (Doc. 45) "why this case

---

[1] The Court ultimately denied McDonald's motion for injunctive relief finding he had not established a likelihood of irreparable harm (Doc. 38).

should not be dismissed for providing false information to the Court in his allegations and January 3, 2013 testimony." (Doc. 45, p. 3). McDonald failed to respond to Judge Frazier's order to show cause, and Judge Frazier entered the instant R & R.

In his objection to the R & R, McDonald does not offer a reason for failing to respond to Judge Frazier's R & R. He still persists in his claim that the 90-day instructions exist. He does not have a copy to provide to the Court, and says his sister has a copy. Rather than obtain a copy of the instructions from his sister, McDonald provides his sister's address, presumably wanting the Court or defendants to seek a copy of the instructions from his sister.

### 3. Analysis

Here, McDonald's failure to comply with the Court's order to show cause is sufficient to warrant dismissal of this case. Further, a district court must dismiss a prisoner's complaint if it becomes apparent that the complaint is frivolous or malicious. 28 U.S.C. § 1915A. In its discretion, the Court may also dismiss an action with prejudice as a sanction. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002). The MHC medical records show that the restrictions on McDonald's movement were limited to five days, not ninety days. Thus, the Court must conclude that McDonald knew at the time he filed this complaint that the restrictions on his movement were only limited to five days as demonstrated by his MHC medical records. As such, the Court must further conclude that McDonald made misrepresentations to this Court in his complaint, testimony, and objection to the R & R. Accordingly, because McDonald failed to comply with Judge Frazier's order to show cause, his complaint is frivolous and malicious, and he made misrepresentations to this Court, the Court dismisses this case.

4. Conclusion

For the foregoing reasons, the Court

- **ADOPTS** the R & R (Doc. 52) in its entirety;

- **DISMISSES** this case **with prejudice**;

- **REVOKES** McDonald's *in forma pauperis* status;

- **ORDERS** McDonald to pay the full filing fee on or before April 4, 2013;

- **ASSESSES** a strike pursuant to 28 U.S.C. § 1915(g); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 22, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
